Harper, J.
There is no question with respect to the negroes which Mrs. Palmer derived under her father’s will; they have been disposed of according to the provisions of the will, and I do not understand them to be in the defendant’s possession. With respect to the hire of those slaves which the Commissioner has reported, and which constitutes the defendant’s third ground of appeal, I am of opinion the complainant is not entitled to any account. Admitting the marriage settlement of *101 Palmer to have been void as to creditors, for want of a schedule, it was good as between the parties themselves.
When it is said that a deed, good between the parties, is void as to creditors, there is perhaps a want of exact precision in the language. They may treat it as void. They are not compelled to institute any legal proceeding to avoid it, but may seize the property, as if there were no deed. But until they do seize the property, the deed remains perfectly good. There is no case in which a ^person not a trustee, has been hold liable to account for the rents and profits of his own property. When a legacy is ordered to be refunded, it is without interest: Gettins v. Steele, 1 Swan 200; a mortgagor in possession, though the legal title be in the mortgagee, is not accountable for rents and profits. Higgins v. The York Building Company, 2 Atk. 107; Mead v. Orrery, 3 Atk. 244; Coleman v. The Duke of St. Albans, 3 Ves. 32. In a case decided by myself as Chancellor, at Columbia, I held, after very full consideration, that an heir-at-law in possession, was not accountable for rents and profits; it would operate hardship, approaching the effect of fraud, to make one account for profits which he may have expended, in the just confidence of their being his own.
With respect to the defendant’s first ground of appeal, it is not contended on the part of the complainant, that any assets of the estate of his wife came into the defendant’s hands after her death; nor that a husband is liable for the debt or devastavit of his wife, contracted or committed before the marriage, in respect of her property which he has acquired by the marriage, when his liability has not been fixed during the coverture. The claim is to follow the specific assets of the estate of Palmer, in his hands. The wife’s life estate in the negroes included in the marriage settlement, was claimed as such assets. I have already expressed the opinion that they could not be so regarded. After the death of her husband, they were her own property, and after her second marriage, her life estate vested in the second husband.
But with respect to the nine negroes derived from the estate of Palmer, I am of opinion that they may be followed as assets of that estate. There is no doubt about the general rule, that if an executor or administrator proves insolvent, creditors may follow the assets in the hands of a legatee or distributee, and compel them to refund, even although the executor may have retained sufficient assets to pay the debts and wasted them. 1 Vern. 94; 2 Ib. 205. It was said that when the distributee has died and transmitted the property to others, this is too far to follow it: *1 know of no such limit to the right. In the anonymous case, 1 Vern. 162, the legatees of an executor, who had wasted his testator’s estate, were compelled to refund, by a creditor of the first testator. There is no limit in such case, but that of time. In’ the case of Miller v. -, decided by myself, and the decree affirmed by this Court, I held that a legatee who had received his legacy, might protect himself by the statute of limitations. But the statute cannot avail the defendant in this case, the complainant’s cause of action arose just before the filing of the bill. It was argued that the other distributee of Palmer ought to have been made a party, and to refund in proportion. If Mrs. Palmer had been merely a distributee, and not an administratrix, there might be something in this. If she were living, the complainant’s bill would be *102 properly against ber alone; the demand would be established against her, as administratrix, and payment enforced out of this property, or any other in her possession.
Her personal representative stands in her stead. It would only be in the event of her insolvency, that the complainant would be authorized to go against the other distributee. Having paid a debt which had unexpectedly arisen, she might compel the other distributee to refund rateably. It appears, too, that she took a bond of the other distributee, to refund in the event which has happened. Of this she might have availed herself, and so may her representative now do, unless it be true as stated, that she received assets of the estate over and above her distributive share, sufficient to satisfy this demand. If this be so, she can never have any claim for contribution against the other distributee.
It is ordered and decreed, that the report of the Commissioner be confirmed, so far as respects the nine slaves in the hands of the defendant, derived from the estate of Palmer, but in other respects overruled, and the, order confirming the same reversed.
Johnson and O’Neall, Js., concurred.